# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3131

_____

Raul A. Castano; Miguel Martinez;               *
Pedro Sanchez; Pedro Retamoza;                  *
Gustavo G. Guzman; Juan F.                      *
Naverette;  Hector Blanco; Santiago             *
Felix; Cesar Gonzalez-Linares, on               *
behalf of all Mexican Inmates of                *
the Nebraska State Penitentiary,                *
                                                *
        Appellants,                 *    Appeal from the United States
                                                *    District Court for the
    v.                                 *    District of Nebraska.
                                                *
Nebraska Department of                          *
Corrections; Harold W. Clarke;                  *
Frank X. Hopkins, Warden of                     *
Nebraska State Penitentiary in his              *
official capacity,                              *
                                                *
        Appellees.                  *

_____

Submitted:  January 27, 2000
Filed:  February 8, 2000

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Plaintiffs, Spanish-speaking inmates of the Nebraska State Penitentiary, appeal an order of the District Court[1] dismissing, without prejudice, their 42 U.S.C. § 1983 (Supp. III 1997) action for failure to exhaust administrative remedies prior to filing suit, a procedural step required by 42 U.S.C. § 1997e(a) (Supp. III 1997) in actions by prisoners "brought with respect to prison conditions under [§ 1983] or any other Federal law." The complaint alleges that defendants have failed, in violation of the Due Process Clause, to provide plaintiffs with qualified interpreters at disciplinary hearings as well as for institutional programs that bear on eligibility for parole. Plaintiffs contend the District Court erred in holding that their action is a "prison conditions" case within the purview of § 1997e(a). We affirm.

Contrary to plaintiffs' contention, we conclude that this is an action "with respect to prison conditions" as contemplated by 42 U.S.C. § 1997e(a). Plaintiffs' challenge to the adequacy of defendants' provision of interpreters for Spanish-speaking inmates is plainly a challenge to a "prison condition." Because the statute does not in any way suggest that Congress intended its deliberately chosen statutory language to have some special, limited meaning, the statute must be given its ordinary, plain meaning. Plaintiffs' resort to legislative history to narrow the plain meaning of the statute is not persuasive. The statutory language does not limit § 1997e(a) to frivolous actions, and cannot be so limited by reliance on snippets of legislative history in which various members of Congress, in arguing for enactment of the Prison Litigation Reform Act (PLRA), emphasized the need to deter frivolous lawsuits brought by prisoners.

In addition, we note that plaintiffs' action is "with respect to prison conditions" as that phrase is defined in 18 U.S.C. § 3626 (Supp. IV 1998), which, like 42 U.S.C. § 1997e(a), was enacted as part of the PLRA. We believe "prison conditions" must be

_____

[1]The Honorable DAVID L. PEISTER, United States Magistrate Judge for the District of Nebraska, who presided over the case with the consent of the parties in accordance with 28 U.S.C. § 636(c)(1) (1994).

given the same meaning throughout the PLRA. The definition set forth in § 3626 cuts broadly and mandates the same result we would reach on the basis of § 1997e(a) alone.[2]

Plaintiffs offer practical and policy arguments for disregarding the exhaustion-of-administrative-remedies requirement in the circumstances of this case. Among other things, plaintiffs argue that, without interpreters, they are denied a meaningful opportunity to participate in the parole process. Such arguments attack a policy judgment that Congress made in adopting the PLRA. As a court of law, we are not free to engraft upon the statute an exception that Congress did not place there.

In sum, plaintiffs' action is subject to the exhaustion-of-administrative-remedies requirement of § 1997e(a). Because plaintiffs have not exhausted their administrative remedies with respect to their qualified-interpreter claims, the District Court properly dismissed this action, without prejudice, pursuant to § 1997e(a). Accordingly, the order of that court is

AFFIRMED.

---

[2]Section 3626(g)(2) provides as follows:

[T]he term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.